Matthew G. Monforton  (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone:  (406) 570-2949
Facsimile:   (406) 551-6919
E-mail:        matthewmonforton@yahoo.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA

| | |
|---|---|
| J. C. KANTOROWICZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JONATHAN MOTL, in his official capacity as the Commissioner of Political Practices for the State of Montana; TIMOTHY FOX, in his official capacity as Attorney General for the State of Montana,<br><br>　　　　　Defendants. | Case No. _____<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND NOMINAL DAMAGES**<br><br><br><br>Related Case Pending:<br>*Nat'l Assn. For Gun Rights v. Motl*,<br>Case No. CV 16-23-H-DLC |

### INTRODUCTION

1.　　This action involves a challenge to Montana's Compelled-Vote-Reporting Provision, § 13-35-225(3), MCA.  The issue of law presented in this case is the same as the one in Count III in *Nat'l Assn. For Gun Rights v. Motl*, Case No. CV 16-23-H-DLC, a case currently pending before this Court.

2. This action arises from an administrative complaint sent by Montana's Commissioner of Political Practices, Defendant Jonathan Motl, on April 11, 2016, to Plaintiff J.C. Kantorowicz, a candidate for the Republican nomination for Montana Senate District No. 10 (hereinafter, "SD-10"), which is located in Cascade County, Montana. The complaint was filed by Montana House Representative Steven Fitzpatrick, an unpopular Republican legislator residing in Cascade County who, like Plaintiff Kantorowicz, is seeking the Republican nomination for SD-10.

3. Throughout his legislative career, and particularly during the 2015 session of the Montana Legislature, Representative Fitzpatrick consistently opposed the House Republican caucus on key bills. Members of the caucus, as well as prominent Republicans in Cascade County, were aghast by Representative Fitzpatrick's consistent opposition to the Republican Party's goals. Representative Fitzpatrick is nevertheless seeking election to the Montana Senate as a Republican.

4. Plaintiff Kantorowicz declared his candidacy for the Republican nomination for SD-10 in December 2015 and, in January 2016, mailed a one-page letter to 1100 residents in SD-10 referring to Representative Fitzpatrick's voting record as being that of a "RINO."[1]

---

[1] "RINO" is an acronym for "Republican In Name Only" and, among Republicans, is a common disparagement used to describe legislators who claim to be Republicans but act and vote like Democrats.

5. In making this allegation, Plaintiff Kantorowicz relied in part on Legistats, a computerized vote scoring system that ranks Republican legislators based upon their votes on bills in which there was a sharp split between Republican and Democratic legislators. Legistats' rankings were derived from approximately 700 votes made by legislators. Representative Fitzpatrick's rank was near the bottom and resulted in him receiving a "D" rating.

6. In his complaint to Defendant Motl, Representative Fitzpatrick asserts that Plaintiff Kantorowicz violated § 13-35-225(3)(a), MCA when he mailed his January 2016 letter to voters in SD-10 by failing to disclose all of the votes upon which Plaintiff Kantorowicz relied in concluding that Representative Fitzpatrick has the voting record of a RINO. Compliance with § 13-35-225(3)(a), MCA, however, would have required Plaintiff Kantorowicz to attach to his January 2016 letter a disclosure of the approximately 700 votes relied upon by Legistats software in formulating Representative Fitzpatrick's ranking. This would have transformed Plaintiff Kantorowicz' one-page letter into a 47-page tome that could not have been economically mailed to 1100 residents. This case illustrates how § 13-35-225(3)(a), MCA, is nothing more than an incumbent protection act.

7. Because Plaintiff Kantorowicz did not include the results of these 700 votes in his letter referring to Representative Fitzpatrick as a RINO, Representative Fitzpatrick insists that the charge is false and is demanding that the State penalize

Plaintiff Kantorowicz for his criticism of Representative Fitzpatrick. Defendant Motl, for his part, has threatened to investigate Plaintiff Kantorowicz. Defendant Motl has not explained how, exactly, he would "investigate" the validity of the allegation that Representative Fitzpatrick is a RINO.

8. The First Amendment does not empower Defendant Motl and the State of Montana to establish a Ministry of Truth with authority to penalize citizens who, in the State's opinion, fail to adequately document criticisms of an incumbent's voting record. Nor can the State constitutionally require citizens who criticize an incumbent's voting record to include reams of documents justifying such criticism. Section 13-35-225(3)(a), MCA, is patently unconstitutional and its enforcement should be immediately enjoined.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this case pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the Constitution of the United States. 28 U.S.C. §§ 1331, 1343(a). This Court also has jurisdiction under the Declaratory Judgment Act. 28 U.S.C. §§ 2201, 2202.

10. Venue is proper because Defendants Motl and Fox reside in the Helena District. 28 U.S.C. § 1391(b).

## PARTIES

11.   Plaintiff J.C. Kantorowicz resides in Cascade County, Montana.

12.   Defendant Jonathan Motl is the Commissioner of Political Practices for Montana and is sued in his official capacity.  Defendant Motl has authority to investigate violations of, enforce the provisions of, and hire attorneys to prosecute violations of Montana's campaign finance laws.  Defendant Motl resides in Lewis & Clark County in the State of Montana.

13.   Defendant Timothy Fox is Montana's Attorney General and has power to investigate and prosecute violations of Chapters 35 of the Montana Code Annotated by and through the county attorneys under his supervision.  The Attorney General acts under color of law and is sued in his official capacity.  Defendant Fox resides in Lewis & Clark County in the State of Montana.

## STATEMENT OF FACTS

14.   Steve Fitzpatrick is currently a member of the Montana House of Representatives.

15.   During the 2015 session of the Montana Legislature, Representative Fitzpatrick repeatedly opposed the House Republican caucus on key bills.

16.   In the first week of the session, Representative Fitzpatrick joined Democrats in threatening to repeal the House's "blast motion" rule which for the

past 25 years has required that, for any bill rejected in committee, a 60-vote super majority was needed to "blast" the bill to the House floor. The blast-motion rule was therefore similar to the cloture rule used in the United States Senate in that a 60-vote super majority is required to pass certain bills.

17. The refusal of Representative Fitzpatrick and other liberal Republican legislators to stand with the House Republican caucus resulted in the blast-motion rule being watered down considerably and dramatically weakened the power of the Republican Speaker of the House.

18. Representative Fitzpatrick voted in favor of key elements of Democratic Governor Steve Bullock's agenda, including a water compact involving the CSKT Indian tribe that had been negotiated by Gov. Bullock (SB 262) and a bill expanding Medicaid in accordance with the federal Affordable Care Act (SB 405).

19. His voting record resulted in a "D" rating from Legistats, a software program that tabulates legislators' votes regarding "partisan bills" presented on the floor of the Montana House and Montana Senate.

20. A "partisan bill" is one in which over 50% of the votes "For" the bill (or an amendment or motion) are from one party and over 50% of the votes "Against" the bill are from the other party.

21. Legistats software automatically determines which bills, amendments,

and motions qualify as partisan bills.  There are no subjective criteria upon which a partisan bill is determined.  All partisan bills that satisfy the criteria described in the preceding paragraph are scored and included in the tabulations.  Bills that do not satisfy the criteria are not scored and not tabulated.

22.    All of this data are available to the public on the Internet at http://107.170.153.135/sessions/6/groups/234

23.    Based upon Legistats data, Representative Fitzpatrick received a "D" and was one on the most unreliable members of the House Republican caucus.

24.    The Cascade County Republican Central Committee was so appalled by Representative Fitzpatrick's betrayal of Republican principles that its members voted unanimously on March 9, 2015, to censure him.  (A true and correct copy of this censure is attached as **Exhibit 1**).

25.    Despite this background, Representative Fitzpatrick filed a "Statement of Candidate" form with Defendant Motl's office on or about July 2, 2015, stating his intention to seek election to SD-10 as a Republican.

26.    On or about December 4, 2015, Plaintiff Kantorowicz filed a "Statement of Candidate" form with Defendant Motl stating his intention to seek election to SD-10 as a Republican.

27.    On or about January 19, 2016, Plaintiff Kantorowicz sent via U.S. Mail a letter to approximately 1100 persons residing in SD-10.  (A true and correct

copy of this letter is attached as **Exhibit 2**).

28. Plaintiff Kantorowicz's letter described Representative Fitzpatrick's voting record in the Legislature as being that of a "RINO."

29. Plaintiff Kantorowicz has posted similar remarks on his campaign website at <http://jcforsd10.com/>

30. Plaintiff Kantorowicz based these remarks upon his research of Representative Fitzpatrick's voting record, research that included a review of Legistats.

31. On April 8, 2016, Representative Fitzpatrick filed an administrative complaint with Defendant Motl's office against Plaintiff Kantorowicz. (A true and correct copy of this complaint is attached as **Exhibit 3**).

32. The complaint alleges that Plaintiff Kantorowicz violated § 13-35-225(3)(a), MCA, because his January 2016 letter to voters in SD-10 did not include a disclosure of the votes he relied upon in referring to Representative Fitzpatrick's voting record as being that of a RINO.

33. The documentation required by § 13-35-225(3)(a), MCA, to be included with the January letter consists of 46 pages. (A true and correct copy of this documentation is attached as **Exhibit 4**).

34. On April 11, 2016, Defendant Motl sent a letter to Plaintiff Kantorowicz demanding a response to the complaint. (A true and correct copy of

this letter is attached as **Exhibit 5**).

35. Defendant Motl demanded that Plaintiff Kantorowicz respond to the complaint within 7 days rather than the customary 20 days normally provided for such responses.

36. Defendant Motl's letter also informed Plaintiff Kantorowicz that he may soon be subject to an investigation and that concealing documents pertinent to the investigation shall result in Plaintiff Kantorowicz being incarcerated "in the state prison for a term not exceed 10 years or be fined an amount not to exceed $50,000, or both."

37. Plaintiff Kantorowicz desires to publish more communications to SD-10 voters highlighting Representative Fitzpatrick's voting record as a RINO, but will not do so if there is a threat of enforcement of § 13-35-225(3), MCA, by the State.

## FIRST CLAIM FOR RELIEF
**Montana's Compelled Vote-Reporting Provision Violates the First Amendment**

38. Plaintiff re-alleges and incorporates by reference all allegations contained in the preceding paragraphs.

39. Montana's Compelled-Vote-Reporting Provision, § 13-35-225(3), MCA, requires printed election material that "includes information about another

candidate's voting record" to also include the following: "(i) a reference to the particular vote or votes upon which the information is based; (ii) a disclosure of all votes made by the candidate on the same legislative bill or enactment; and (iii) a statement, signed as provided in subsection (3)(b), that to the best of the signer's knowledge, the statements made about the other candidate's voting record are accurate and true."

40. Montana's Compelled-Vote-Reporting Provision compels speakers such as Plaintiff Kantorowicz who publish election material containing information about a candidate's voting record to also communicate additional information that they would otherwise not communicate.

41. Montana has no compelling interest in requiring speakers to involuntarily convey such information, nor is the statute narrowly tailored.

42. Violations of this statute may result in penalties and fines.

43. Montana's Compelled-Vote-Reporting Provision therefore violates the First Amendment to the United States Constitution as incorporated to apply to the States under the Fourteenth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff J.C. Kantorowicz respectfully requests the following relief:

A. A declaratory judgment that § 13-35-225(3), MCA, is unconstitutional on its face and as applied to Plaintiff Kantorowicz;

B. Preliminary and permanent injunctions enjoining Defendants and all successors in office from enforcing § 13-35-225(3), MCA, against Plaintiff Kantorowicz;

C. Nominal damages;

D. Costs and attorney fees pursuant to any applicable statute or authority;

E. Any other relief this Court in its discretion deems just and appropriate.


DATED: April 14, 2016          Respectfully submitted,

                               /s/ Matthew G. Monforton
                               Matthew G. Monforton
                               Monforton Law Offices, PLLC
                               32 Kelly Court
                               Bozeman, Montana 59718
                               Telephone: (406) 570-2949
                               Facsimile: (406) 551-6919

                               Attorney for Plaintiff

## VERIFICATION BY J.C. KANTOROWICZ

I, J.C. Kantorowicz, declare as follows:

1. I am the Plaintiff in this action.

2. I have reviewed the attached Complaint and exhibits and declare the facts and allegations contained therein are true, except so far as they are therein stated to be on information, and that, so far as they are therein stated to be on information, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the statements contained in this Declaration are true and correct.

Executed on April 14, 2016, in Great Falls, Montana.

_____
J.C. Kantorowicz
Declarant